JUSTICE BAKER,
concurring.
¶22 I concur with the disposition of this appeal based on the Court’s ruling that our holding in Havre Daily News authorizes the award of fees under the circumstances presented. In my view, however, Dreyer is of questionable validity on the issue of attorney’s fees following issuance of a preliminary injunction.
¶23 There has been considerable development in the law on “prevailing part/’ status for purposes of awarding attorney’s fees since Dreyer was decided. The United States Supreme Court held in 1992 that a party prevails “when actual relief on the merits of [the plaintiffs] claim materially alters the legal relationship between the parties by modifying the defendant’s behavior in a way that directly benefits the plaintiff."Farrar v. Hobby, 506 U.S. 103, 111-12, 113 S. Ct. 566, 573 (1992). In reliance on Farrar, we have held that, where a plaintiff has preyailed bn her legal claims, she may be entitled to fees even if she recovers only nominal damages. Griffith v. Butte Sch. Dist. No. 1, 2010 MT 246, ¶¶ 66-67, 358 Mont. 193, 244 P.3d 321.
¶24 A plaintiff obtains relief “on the merits” of the claim when there is a material alteration of the parties’ legal relationship, accompanied by “judicial imprimatur on the change.” Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep’t of Health & Human Res., 532 U.S. 598, 605, 121 S. Ct. 1835, 1840 (2001). The Ninth Circuit is among several federal circuits recognizing that a preliminary injunction will satisfy Buckhannon’s “judicial imprimatur” requirement “if it is based on a ■ finding that the plaintiff has shown a likelihood of success on the merits.” Higher Taste, Inc. v. City of Tacoma, 717 F.3d 712, 716 (9th Cir. 2013).
¶25 A party is not considered to have prevailed if a prefiminary injunction “is reversed, dissolved, or otherwise undone by the final decision in the same case.” Sole v. Wyner, 551 U.S. 74, 83,127 S. Ct. 2188, 2195 (2007). In the absence of a final judgment in the case, however, such as when a settlement is reached or the case is rendered moot, “there may be circumstances in which a preliminary injunction results in sufficiently enduring change to warrant an award of fees[.]” Higher Taste, 717 F.3d at 717.
¶26 Neither of the parties to this appeal has briefed these authorities *211 or their application to this case, and the Court therefore properly refrains from analyzing them. Nonetheless, Dreyer should be revisited in an appropriate future case.